IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY T. MOORE, Jr., #446508, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 18-cv-01047-JPG ) |
| JOHN DOE 1, JOHN DOE 2, and C/O WALT, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Anthony Moore, Jr. filed this civil rights action pursuant to 42 U.S.C. § 1983, in order to address several violations of his constitutional rights at St. Clair County Jail ("Jail"). (Doc. 1). This Court screened the Complaint and concluded that the three claims identified in the Complaint were improperly joined in a single action. The Court severed two claims (Counts 2 and 3) into separate cases.

The only claim at issue in this action is Count 1, a claim of mail interference against C/O Walt, John Doe 1, and John Doe 2. (Doc. 1, p. 8). Plaintiff alleges that these defendants interfered with his incoming legal mail in *Moore, Jr. v. Scott, et al.*, No. 17-cv-01153-JPG (S.D. Ill). (Doc. 1, p. 8). Plaintiff did not receive an "important letter" from the Court directing him to file an amended complaint, and the action was dismissed. *Id*. He now seeks monetary damages against the defendants. (Doc. 1, p. 10).

Count 1 is subject to screening under 28 U.S.C. § 1915A, which provides:

>   (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

1

> which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## <u>Complaint</u>

Plaintiff filed the instant action after learning that a civil rights case he filed in this District was dismissed on April 18, 2018. *See Moore, Jr. v. Scott, et al.*, No. 17-cv-01153-JPG (S.D. Ill.). (Doc. 1, p. 8). Plaintiff allegedly had no opportunity to amend the complaint because C/O Walt, John Doe 1, and John Doe 2 failed to provide him with his incoming mail on a single occasion. *Id*. Plaintiff did not receive an "important letter" from the Court ordering him to file an amended complaint by a date certain. *Id*. He missed the court-imposed deadline, and the action was dismissed. *Id*. Had he known about the impending deadline, Plaintiff alleges that he would have corrected any defects in the complaint and timely filed an amended complaint. *Id*.

**Discussion**

The Court previously characterized Plaintiff's claim as follows, and the parties and Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court:

> **Count 1 -** First and/or Fourteenth Amendment claim against Defendants Walt, John Doe 1, and John Doe 2 for interfering with Plaintiff's mail and thereby denying him access to the courts in *Moore, Jr. v. Scott, et al.*, No. 17-cv-01153-JPG (S.D. Ill.).

Inmates have a First Amendment right to send and receive mail. *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005) (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999)). A First Amendment claim generally requires an allegation that there has been "a continuing pattern or repeated occurrences" of denial or delay of mail delivery. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000); *Rowe*, 196 F.3d at 782; *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 2987). In other words, a valid claim requires the prisoner to demonstrate more than an "isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials" by prison officials. *Sizemore*, 829 F.2d at 610. The negligent or inadvertent opening of a letter will not support a claim. *See, e.g., Bryant v Winston*, 750 F. Supp. 733 (E.D. Va. 1990).

In this case, Plaintiff does not allege that prison officials engaged in a pattern of mail interference. He complains of a single incident. However, that single interference resulted in the loss, confiscation, or destruction of an "important letter" from the Court that led to the dismissal of Plaintiff's pending civil rights action. The letter could qualify as *legal* mail, and it contained sensitive information, *i.e.*, the deadline for filing an amended complaint. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 802-04 (7th Cir. 2010) (discussing the definition of "legal mail").

Claims involving interference with legal mail are typically brought under the Fourteenth Amendment, which guarantees meaningful access to the courts. *Guajardo-Palma*, 622 F.3d at 802 (citations omitted). An inmate's legal mail receives greater protection than his non-legal mail because of the potential for interference with his right to enforce his legal rights. *Rowe*, 196 F.3d at 782. Even in this context, however, simple negligence on the part of a mailroom worker that results in a lost opportunity to litigate a matter will generally not support a claim for violation of the constitutional right to access the courts. *See Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992) (isolated incident of negligence resulting in failure to file complaint did not rise to the level of a constitutional violation). In order to pursue a claim for the denial of access to the court, a plaintiff must describe an actual or potential limitation on his ability to pursue a non-frivolous legal claim. *Delgado v. Godinez*, 683 F. App'x 528, 529 (7th Cir. 2017) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977). Plaintiff does just that by citing to a civil rights action that was dismissed. The violation of his right to access the courts may be vindicated in federal court.

The Court will allow Count 1 to proceed against C/O Walt, John Doe 1, and John Doe 2 at this stage. This includes the First and Fourteenth Amendment claims. Although the Court also notes that Plaintiff recently filed a Motion for Reconsideration of the Order Dismissing Case in Case No. 17-cv-01153-JPG, the Court takes no position in this Order on the pending motion or its impact on this case.

**Identification of Unknown Defendants**

Plaintiff shall be allowed to proceed with Count 1 against Defendants John Doe 1 and John Doe 2. However, these defendants must be identified with particularity before service of the Complaint can be made on them. Where a prisoner's Complaint states specific allegations

describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, the St. Clair County Sheriff will be added as a defendant, in his or her official capacity only, and shall be responsible for responding to discovery aimed at identifying these unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of Defendants John Doe 1 and John Doe 2 are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

## Disposition

The Clerk is **DIRECTED** to **ADD** the **ST. CLAIR COUNTY SHERIFF** (official capacity only)[1] as a Defendant for the sole purpose of responding to discovery aimed at identifying the unknown defendants.

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendants **C/O WALT, JOHN DOE 1,** and **JOHN DOE 2**.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendants **ST. CLAIR COUNTY SHERIFF (in his official capacity only), C/O WALT, JOHN DOE 1 (once identified),** and **JOHN DOE 2 (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and

---

[1] If the Sheriff lacks the information necessary to respond to discovery aimed at identifying these unknown defendants, he or she may file a Motion for Substitution of Parties with the Court.

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants **JOHN DOE 1** and **JOHN DOE 2** until such time as Plaintiff has identified them by name in a properly filed Motion for Substitution. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact

6

that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 12, 2018**

>                                         **s/J. Phil Gilbert**
>                                         **District Judge**
>                                         **United States District Court**